

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
XXXIIXXWIIXXON
ATTORNEY GENERAL

Honorable John R. Shook
Criminal District Attorney
Bexar County
San Antonio, Texas

Dear Sir:

Attention: Hon. L. J. Gittinger, First
Assistant

Opinion No. O-4637
Re: Can a delayed certificate of birth
be filed under the provisions of
House Bill 614, Acts of the 46th
Legislature as amended by House
Bill 974, Acts of the 47th Legis-
lature (codified as Rule 51a,
Article 4477 V.C.S.) although the
person whose birth is sought to
be established is no longer living?

        You have requested the opinion of this department upon
the above stated question, citing three specific cases illus-
trating the desirability, and even the practical necessity,
of filing a birth certificate as a means of establishing proof
of the citizenship of a person who is now deceased.

        The applicable provisions of House Bill 614, Acts of
of the 46th Legislature, as amended by the 47th Legislature,
are as follows:

        "And provided further, that any citizen of
the State of Texas wishing to file the record
of any birth or death that occurred in Texas,
not previously registered, may submit to the
Probate Court in the County where such birth or
death occurred, a record of such birth or death
written on the adopted forms of birth and death
certificates; and provided further that any
citizen of the State of Texas wishing to file
the record of any birth or death that occurred
outside of the State of Texas, not previously
registered, may submit to the Probate Court in
the County where he resides a record of that
birth or death written on the adopted forms of
birth and death certificates. The certificate
shall be substantiated by the affidavit of the

medical attendant present at the time of the
birth, or in case of death, the affidavit of
the physician last in attendance upon the de-
ceased, or the undertaker who buried the body.
When the affidavit of the medical attendant or
undertaker cannot be secured, the certificate
shall be supported by the affidavit of some per-
son who was acquainted with the facts surround-
ing the birth or death, at the time the birth
or death occurred, with a second affidavit of
some person who is acquainted with the facts
surrounding the birth or death, and who is not
related to the individual by blood or marriage.
The Probate Court shall require such other in-
formation or evidence as may be deemed necessary
to establish the citizenship of the individual
filing the certificate, and the truthfulness of
the statements made in that record. The Clerk
of the said Court shall forward the certificate
to the State Bureau of Vital Statistics with an
order from the Court to the State Registrar that
the record be, or be not, accepted. The State
Registrar is authorized to accept the certificate
when varified in the above manner, and shall
issue certified copies of such records as pro-
vided for in Section 21 of this Act. Such certi-
fied copies shall be prima facie evidence in all
Courts and places of the facts stated thereon.
The State Bureau of Vital Statistics shall fur-
nish the forms upon which such records are filed,
and no other form shall be used for that purpose."

It will be noted that this statute provides that delayed
birth certificates may be filed by "any citizen of the State
of Texas", whether such birth occurred within the State of Texas
or outside of the State of Texas. We agree with you in your
opinion that this law contemplates that the birth certificate
may be filed by someone other than the person whose birth is
being recorded. Nor do we find any provision in this statute
or in any other law which prohibits the filing of a birth cer-
tificate evidencing the birth of a person who is deceased at
the time the certificate is filed. The statute conveys a
right which is not limited to cases in which the person whose
birth is being recorded is living at the time of the filing of
such record.

We are therefore of the opinion that a delayed certifi-
cate of birth may be filed under the provisions of said House
Bill 614, as amended, although the person whose birth is sought
to be established is no longer living.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/W. R. Allen
W. R. Allen
Assistant

WRA:GO:wc

APPROVED JUN 12, 1942
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman